# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ORVILLE ANTHONY JONES** | : | **DOCKET NO. 2:06-cv-510**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOE YOUNG, WARDEN** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner, Orville Anthony Jones, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Petitioner states that on April 10, 1998 he pled guilty to Count 3 (Possession with Intent to Distribute Cocaine Base) of a three count indictment in the United States District Court for the Eastern District of Virginia and that he was sentenced to 120 months imprisonment for this offense.

Petitioner further states that he filed a direct appeal of his conviction and sentence in the Fourth Circuit Court of Appeals. His appeal was denied on March 30, 1999. Thereafter, on March 30, 2000 petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. This motion was denied by the trial court on July 2, 2001. *See United States v. Jones*, 2:97-cr-00160 (E.D. Va.).

On March 27, 2006, petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his conviction on the grounds that his rights were violated under

the Vienna Convention when he was arrested without being informed of his right to contact the Jamaican consulate.

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing. *Warren v. Miles*, 230 F.3d 668, 694 (5th Cir. 2000);*Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that the conviction is invalid based upon events which occurred prior to or during his sentencing. The petition is devoid of any claim solely directed to the manner in which the sentence is being executed. The undersigned is concerned that petitioner expressly filed this petition under § 2241 in order to circumvent the consequences of 28 U.S.C. § 2244(a) which precludes petitioner from filing a successive motion to vacate without obtaining prior authorization from the appropriate Court of Appeals.[1]

A federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255 by establishing that the remedy provided for under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." *Christopher v. Miles*, 342 F.3d 378, 281 (5th Cir. 2003); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The burden of demonstrating the ineffectiveness of a §2255 petition rests squarely on the shoulders of the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)

---

[1]28 U.S.C. § 2255, provides in pertinent part, "A second or successive must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . ."

(per curiam); *Henderson v. Haro*, 01-30852 (unpublished) (5th Cir. 2002)(affirming *Henderson v. Haro*, 2:01-cv-204 (W.D. La.2001)). Two factors must be satisfied before a petitioner may file a §2241 petition in connection with the §2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Id.*; *Henderson, supra.*

This petition fails to satisfy this test. Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging his detention. The only basis for such a conclusion would be that he has already filed an unsuccessful §2255 motion. However, "a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make §2255 inadequate or ineffective." *Jeffers v. Chandler*, 234 F.3d 277, 280 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Henderson, supra.*

Moreover, the Fifth Circuit has held that a "Vienna Convention claim would not qualify for application of the 'savings clause' set forth in 28 U.S.C. § 2255." *Wright v. Rasbeary*, 145 Fed.Appx. 458 (5th Cir. 2005).

Because petitioner fails to satisfy the savings clause of § 2255, his § 2241 petition should be dismissed for lack of jurisdiction. *See Thomas v. Jeter*, 2005 WL 623503 (N.D. Tex. 2005), citing *Christopher v. Miles*, 342 F.3d at 385.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* filed pursuant to §2241

be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of May, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE